# EXHIBIT A

Case 8:20-cv-01908-AB-SVC Document 1-2 Filed 10/02/20 Page 2 of 14 Page ID #:13
Electronically Filed by Superior Court of California, County of Orange, 05/26/2020 01:33:33 PM.
30-2020-01141451-CU-BC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FORD MOTOR COMPANY, a corporation, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MATTHEW HEALEY, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* **Central Justice Center**

700 W Civic Center Dr
Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):* 30-2020-01141451-CU-BC-CJC

Judge Nathan Scott

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aaron D. Fhima, Neale & Fhima LLP 34188 Pacific Coast Highway, Dana Point, CA 92629 949-661-1007

DATE: 05/26/2020    DAVID H. YAMASAKI, Clerk of the Court    Clerk, by *Skeeter Berry* , Deputy
*(Fecha)*    *(Secretario)*    Skeeter Berry    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Case 8:20-cv-01908-AB-PVC Document 1-2 Filed 10/02/20 Page 3 of 11 Page ID #:14
Electronically Filed by Superior Court of California, County of Orange, 05/26/2020 08:33:23 AM.
30-2020-01141451-CU-BC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FORD MOTOR COMPANY, a corporation, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MATTHEW HEALEY, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central Justice Center
700 W Civic Center Dr
Santa Ana, CA 92701

**CASE NUMBER**
*(Número del Caso)* 30-2020-01141451-CU-BC-CJC

Judge Nathan Scott

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aaron D. Fhima, Neale & Fhima LLP 34188 Pacific Coast Highway, Dana Point, CA 92629 949-661-1007

DATE: 05/26/2020      DAVID H. YAMASAKI, Clerk of the Court      Clerk, by  Skeeter Berry , Deputy
(Fecha)                                                          (Secretario)                    (Adjunto)

Skeeter Berry

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ford Motor Company, a corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Case 8:20-cv-01908-ABS-PVC Document 1-2 Filed 10/02/20 Page 4 of 11 PageID #:15
Electronically Filed by Superior Court of California, County of Orange, 04/02/2020 01:33:32 PM.
30-2020-01141451-CU-BC-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Aaron Fhima (SBN 296408)<br>NEALE & FHIMA, LLP<br>34188 Pacific Coast Highway<br>Dana Point, CA 92629<br>TELEPHONE NO.: (949) 661-1007  FAX NO.: (949) 661-3619<br>ATTORNEY FOR (Name): Plaintiff, MATTHEW HEALEY | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 W Civic Center Drive
MAILING ADDRESS: same
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME: MATTHEW HEALEY vs. FORD MOTOR COMPANY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2020-01141451-CU-BC-CJC |
|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) □ Limited (Amount demanded is $25,000 or less) | □ Counter  □ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Nathan Scott<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- □ Auto (22)
- □ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- □ Asbestos (04)
- □ Product liability (24)
- □ Medical malpractice (45)
- □ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- □ Business tort/unfair business practice (07)
- □ Civil rights (08)
- □ Defamation (13)
- □ Fraud (16)
- □ Intellectual property (19)
- □ Professional negligence (25)
- □ Other non-PI/PD/WD tort (35)

**Employment**
- □ Wrongful termination (36)
- □ Other employment (15)

**Contract**
- ✓ Breach of contract/warranty (06)
- □ Rule 3.740 collections (09)
- □ Other collections (09)
- □ Insurance coverage (18)
- □ Other contract (37)

**Real Property**
- □ Eminent domain/Inverse condemnation (14)
- □ Wrongful eviction (33)
- □ Other real property (26)

**Unlawful Detainer**
- □ Commercial (31)
- □ Residential (32)
- □ Drugs (38)

**Judicial Review**
- □ Asset forfeiture (05)
- □ Petition re: arbitration award (11)
- □ Writ of mandate (02)
- □ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- □ Antitrust/Trade regulation (03)
- □ Construction defect (10)
- □ Mass tort (40)
- □ Securities litigation (28)
- □ Environmental/Toxic tort (30)
- □ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- □ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- □ RICO (27)
- □ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- □ Partnership and corporate governance (21)
- □ Other petition (not specified above) (43)

2. This case □ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. □ Large number of separately represented parties
   - b. □ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. □ Substantial amount of documentary evidence
   - d. □ Large number of witnesses
   - e. □ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. □ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary  b. □ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action (specify): (1): Violation of Cal. Civ. Code §1790 et seq.
5. This case □ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 31, 2020

Aaron Fhima
(TYPE OR PRINT NAME)  ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Case 8:20-cv-01908-AB-PVC Document 1-2 Filed 10/02/20 Page 5 of 11 Page ID #:16
Electronically Filed by Superior Court of California, County of Orange, 05/26/2020 08:33:23 AM.
30-2020-01141451-CU-BC-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Aaron Fhima (SBN 296408)
NEALE & FHIMA, LLP
34188 Pacific Coast Highway
Dana Point, CA 92629
TELEPHONE NO: (949) 661-1007   FAX NO: (949) 661-3619
ATTORNEY FOR *(Name):* Plaintiff, MATTHEW HEALEY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 W Civic Center Drive
MAILING ADDRESS: same
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

**CASE NAME:**
MATTHEW HEALEY vs. FORD MOTOR COMPANY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2020-01141451-CU-BC-CJC |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Nathan Scott  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☑ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403)
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* (1): Violation of Cal. Civ. Code §1790 et seq.
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 31, 2020

Aaron Fhima
(TYPE OR PRINT NAME)    ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Case 8:20-cv-01908-ABS-PVC Document 1-2 Filed 10/02/20 Page 7 of 11 PageID #:18
Electronically Filed by Superior Court of California, County of Orange, 09/20/2020 01:33:32 PM.
30-2020-01141451-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

**NEALE & FHIMA, LLP**
MATTHEW E. NEALE, ESQ. (SBN 74036)
matthew@nealfhima.com
AARON D. FHIMA, ESQ. (SBN 296408)
aaron@nealefhima.com
34188 Pacific Coast Highway
Dana Point, CA 92629
Telephone: (949) 661-1007
Facsimile: (949) 661-3619

Attorneys for Plaintiff,
*MATTHEW HEALEY*

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| MATTHEW HEALEY, an individual,<br><br>     Plaintiff,<br><br>     v.<br><br>FORD MOTOR COMPANY, a corporation, and DOES 1 through 10, inclusive,<br><br>     Defendant. | Case No.: 30-2020-01141451-CU-BC-CJC<br><br>**COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**<br><br>Assigned for All Purposes<br>Judge Nathan Scott |

Plaintiff, MATTHEW HEALEY ("Plaintiff"), alleges a cause of action against Defendant FORD MOTOR COMPANY ("Defendant"), as follows:

1. Plaintiff is and at all times mentioned herein was, a competent adult.

2. Plaintiff is informed and believes and thereupon alleges that defendant is a California corporation that does business throughout the state of California, including in the city of San Juan Capistrano.

3. The true names and capacities of Defendant DOES 1 THROUGH 10, INCLUSIVE, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of the filing of this Complaint, and Plaintiff therefore sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show said Defendants true names and capacities

1
COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

when the same have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the Defendants designated as a Doe is, in some manner, factually and legally responsible for the events and happenings surrounding the incident as herein set forth, and said Defendants thereby directly and proximately caused personal injury and harm to Plaintiff.

4. On or about February 10, 2017, Plaintiff purchased a 2016 Ford Focus, VIN: 1FADP3K27GL385195 ("Subject Vehicle") from Capital Ford Inc., in Raleigh, North Carolina.

5. Plaintiff is a "buyer" under the Song-Beverly Consumer Warranty Ave, Civil Code §1790 *et seq*. (the "Act").

6. The Subject Vehicle is a new motor vehicle that was purchased primarily for personal, family, or household purposes or it is a new motor vehicle with a gross vehicle weight under 10,000 pounds that was purchased or used primarily for business purposes by an entity to which not more than five motor vehicles are registered in this state. The Subject Vehicle is a "new motor vehicle" under the Act.

7. Defendant manufactures, assembles, or produces consumer goods. Defendant is a "manufacturer" under the Act.

8. Capital Ford Inc., where Plaintiff purchased the Subject Vehicle, is engaged in the business of distributing or selling consumer goods at retail.

9. Upon Plaintiff's purchase of the Subject Vehicle Defendant issued an express warranty to Plaintiff, which Defendant undertook to preserve or maintain the utility or performance of the Subject Vehicle.

10. Defendant's express warranty was integral to Plaintiff's purchase of the Subject Vehicle.

11. Since purchasing the Subject Vehicle, Plaintiff has delivered the Subject Vehicle for repair to Defendant or its authorized repair facility(s) no less than three (3) times for repair of nonconformity(s) to warranty, including, but not limited to defect(s) which have manifested in: check engine light illuminating, vehicle requiring jump start, battery failure, vehicle failing to start, transmission shuddering while accelerating, oil leaking, shift motor failing, and transmission slipping. Said nonconformity(s) have substantially impaired the vehicle's use, value, and/or safety to Plaintiff.

//

12. On each occasion Plaintiff delivered the Subject Vehicle for repair to Defendant or its authorized repair facility(s), the vehicle was returned to Plaintiff without properly repairing the nonconformity(s).

13. Defendant or its authorized repair facility(s) have failed to service or repair the Subject Vehicle to warranty after a reasonable number of attempts; begin repairs within a reasonable time; and/or complete repairs within thirty (30) days so as to conform to the applicable warranties.

14. The Subject Vehicle was not fit for the ordinary purposes for which such goods are used and was not of the same quality as those generally acceptable in the trade.

15. The implied warranty of merchantability means and includes that the goods will comply with each of the following requirements: (1) they would pass without objection in the trade under the contract description; (2) they are fit for the ordinary purposes for which such goods are used; (3) they are adequately contained, packaged, and labeled; and (4) they conform to the promises or affirmations of fact made on the container or label.

16. Defendant breached the implied warranty of merchantability. Plaintiff is entitled to revoke acceptance of the Subject Vehicle under the Act.

17. By Defendant failing to repair the nonconformity(s) as alleged above, or to make restitution or to replace the Subject Vehicle, Defendant is in violation of its obligation under the Act.

18. Plaintiff is informed and believes and thereupon alleges that Defendant's refusal to replace the vehicle or make restitution to Plaintiff was willful and not the result of a good faith and reasonable belief that the facts imposing said statutory obligation were absent.

19. Pursuant to the Act, Plaintiff is entitled to restitution in an amount equal to the actual price paid or payable by Plaintiff and collateral charges such as sales tax, license fees, registration fees, and other official fees less an amount directly attributable to use by Plaintiff prior to the time Plaintiff first delivered the vehicle for repair.

20. Plaintiff is entitled to recover incidental, consequential, and general damages, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by Plaintiff.

21. Plaintiff is entitled to recover a civil penalty up to two times the amount of actual damages for Defendant's willful refusal to comply with its statutory obligations under the Act.

22. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses including attorney's fees based on actual time expended and reasonably incurred in connection with the commencement and prosecution of this action.

PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANT AS FOLLOWS:

1. For actual damages, including collateral charges, and incidental, consequential, and general damages. To date, such damages include, but are not limited to, in amounts according to proof, down payment, monthly payments to date, plus vehicle registration, additional monthly finance payments, vehicle loan payoff, repair expense(s), rental expenses, expenses inadvertently omitted herein, and other future expenses reasonably incurred by Plaintiff in connection with this action; and

2. For a civil penalty under the Act, equal up to two times the amount of actual damages;

3. For rescission of the contract and restitution of consideration;

4. For prejudgment interest on said sum from date of rescission;

5. For attorney's fees and costs of suit reasonably incurred in connection with the commencement and prosecution of this action; and

6. For such other and further relief as the court deems proper.

Dated: March 31, 2020                             NEALE & FHIMA, LLP



By: _____
Aaron D. Fhima, Esq.
Attorney for Plaintiff,
*MATTHEW HEALEY*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT